# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 20-218V
### UNPUBLISHED

| | |
|---|---|
| JENNIFER KILGROW,<br><br>                    Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: December 16, 2021<br><br>Special Processing Unit (SPU); Joint<br>Stipulation on Damages; Influenza<br>(Flu) Vaccine; Shoulder Injury<br>Related to Vaccine Administration<br>(SIRVA) |

*Glen Howard Sturtevant, Jr., Rawls Law Group (Richmond), Richmond, VA, for Petitioner.*

*Voris Edward Johnson, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON JOINT STIPULATION[1]

On February 27, 2020, Jennifer Kilgrow filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a Table Injury – Shoulder Injury Related to Vaccine Administration ("SIRVA") – as a result of her December 18, 2018 influenza ("flu") vaccination. Petition at 1; Stipulation, filed at December 14, 2021, ¶¶ 1-2, 4. Petitioner further alleges the vaccine was administered within the United States, that she suffered the residual effects of her injury for more than six months, and that there has been no prior award or settlement of a civil action on her behalf as a result of her injury. Stipulation at ¶¶ 3-5; *see* Petition at ¶¶ 2, 25-27. "Respondent denies that [P]etitioner sustained a Table SIRVA within the Table timeframe, and denies that the flu vaccine in fact caused her alleged shoulder injury and residual effects, or any other injury." Stipulation at ¶ 6.

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Nevertheless, on December 14, 2021, the parties filed the attached joint stipulation, stating that a decision should be entered awarding compensation. I find the stipulation reasonable and adopt it as my decision awarding damages, on the terms set forth therein.

Pursuant to the terms stated in the attached Stipulation, **I award** the following compensation:

> **A lump sum of $82,500.00 in the form of a check payable to Petitioner**. Stipulation at ¶ 8. This amount represents compensation for all items of damages that would be available under Section 15(a). *Id*.

I approve the requested amount for Petitioner's compensation. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | | |
|---|---|---|
| JENNIFER KILGROW, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 20-218V **(ECF)** |
| | ) | Chief Special Master Corcoran |
| SECRETARY OF HEALTH | ) | |
| AND HUMAN SERVICES, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

### STIPULATION

The parties hereby stipulate to the following matters:

1.     Jennifer Kilgrow ("petitioner") filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to -34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly sustained following petitioner's receipt of an influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. §100.3(a).

2.     Petitioner received a flu vaccine on December 18, 2018.

3.     The vaccine was administered within the United States.

4.     Petitioner alleges that she sustained the first symptom or manifestation of onset of a left Shoulder Injury Related to Vaccine Administration ("SIRVA") within the time period set forth in the Table. Petitioner further alleges that she experienced the residual effects of her SIRVA for more than six months.

5.     Petitioner represents that there has been no prior award or settlement of a civil action for damages as a result of her condition.

6.      Respondent denies that petitioner sustained a Table SIRVA within the Table

timeframe, and denies that the flu vaccine in fact caused her alleged shoulder injury and residual

effects, or any other injury.

7.      Maintaining their above-stated positions, the parties nevertheless now agree that

the issues between them shall be settled and that a decision should be entered awarding the

compensation described in paragraph 8 of this Stipulation.

8.      As soon as practicable after an entry of judgment reflecting a decision consistent

with the terms of this Stipulation, and after petitioner has filed an election to receive

compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human

Services will issue the following vaccine compensation payment:

> A lump sum of $82,500.00 in the form of a check payable to petitioner,
> Jennifer Kilgrow, which amount represents compensation for all damages
> that would be available under 42 U.S.C. § 300aa-15(a).

9.      As soon as practicable after the entry of judgment on entitlement in this case, and

after petitioner has filed both a proper and timely election to receive compensation pursuant to

42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings

before the special master to award reasonable attorneys' fees and costs incurred in proceeding

upon this petition.

10.     Petitioner and her attorney represent that compensation to be provided pursuant to

this Stipulation is not for any items or services for which the Program is not primarily liable

under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be

expected to be made under any State compensation programs, insurance policies, Federal or

State health benefits programs (other than Title XIX of the Social Security Act, 42 U.S.C. § 1396

et seq.), or by entities that provide health services on a pre-paid basis.

2

11.     Payment made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12.     The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner, as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13.     In return for the payments described in paragraphs 8 and 9, petitioner, in her individual capacity, and on behalf of her heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the Secretary of Health and Human Services and the United States of America from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to, or death of, petitioner resulting from, or alleged to have resulted from, the flu vaccine administered on December 18, 2018, as alleged by petitioner in a petition for vaccine compensation filed on or about February 27, 2020, in the United States Court of Federal Claims as petition No. 20-218V.

14.     If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

15.     If the special master fails to issue a decision in complete conformity with the terms of this Stipulation, or if the Court of Federal Claims fails to enter judgment in conformity

3

with a decision that is in complete conformity with the terms of this Stipulation, then the parties'

settlement and this Stipulation shall be voidable at the sole discretion of either party.

16.     This Stipulation expresses a full and complete negotiated settlement of liability

and damages claimed under the National Vaccine Injury Act of 1986, as amended, except as

otherwise noted in paragraph 9 above.  There is absolutely no agreement on the part of the

parties hereto to make any payment or to do any act or thing other than is herein expressly stated

and clearly agreed to.  The parties further agree and understand that the award described in this

Stipulation may reflect a compromise of the parties' respective positions as to liability and/or

amount of damages, and further, that a change in the nature of the injury or condition or in the

items of compensation sought, is not grounds to modify or revise this agreement.

17.     This Stipulation shall not be construed as an admission by the United States of

America or the Secretary of Health and Human Services that petitioner's alleged left shoulder

injury and residual effects, or any other injury, were caused by the flu vaccine.

18.     All rights and obligations of petitioner hereunder shall apply equally to

petitioner's heirs, successors and/or assigns.

END OF STIPULATION

/
/
/
/
/
/
/
/
/
/
/
/
/

Respectfully submitted,

PETITIONER:

*Jennifer Kilgrow*

JENNIFER KILGROW

**ATTORNEY OF RECORD FOR**
**PETITIONER:**

*Glen H. Sturtevant Jr*

GLEN H. STURTEVANT
Rawls Law Group, P.C.
211 Rocketts Ways
Suite 100
Richmond, VA 23231
(804) 622-0675

**AUTHORIZED REPRESENTATIVE**
**OF THE ATTORNEY GENERAL:**

*Heather L Pearlman*

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE**
**OF THE SECRETARY OF HEALTH**
**AND HUMAN SERVICES:**

*Dale Mishler, DHSc, APRN, for*

TAMARA OVERBY
Acting Director, Division of Injury
    Compensation Programs (DICP)
Health Systems Bureau
Health Resources and
    Services Administration
U.S. Department of Health
    and Human Services
5600 Fishers Lane, 08N146B
Rockville, MD 20857

**ATTORNEY OF RECORD FOR**
**RESPONDENT:**

*Voris E Johnson, Jr.*
*by Heather L Pearlman*

VORIS E. JOHNSON, JR.
Senior Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel.: (202) 616-4136
Email: voris.johnson@usdoj.gov

Dated: ~~12/10/2021~~ 12/14/2021